Syd L. Hoffman, Plaintiff, *v.* Joseph B. Cox, Individually and Doing Business as Omark Industries, et al., Defendants.

Supreme Court, Special Term, Nassau County, June 8, 1962.

*Bennett, Kaye & Pius* (*Arthur A. Kaye* and *John M. Farrel* of counsel), for plaintiff. *Mendes & Mount* for Joseph B. Cox, defendant. *Anthony J. De Cicco* for Holes, Inc., defendant.

Mario Pittoni, J. This is a motion for leave to serve an amended complaint setting forth causes of action against the manufacturers of a riveting appliance for breach of implied warranties of fitness for use and of merchantability. A cause of action against the plaintiff's vendor for breach of an express warranty is also included in the proposed amended pleading.

On or about May 29, 1956, the plaintiff purchased a power-driven riveting machine from the defendant, Holes, Inc., a distributor for the manufacturers of the tool, the defendants, Joseph B. Cox and Powder Power Tool of New York, Inc. While using the appliance, the plaintiff was struck in the eye by a rivet which was discharged from the machine, and he subsequently lost the sight from the eye.

The complaint states the product was designed and represented to prevent rivets from being deflected from the working surface, and that it was further represented that the trigger of the mechanism would not function or operate unless the tool was flush with the working surface, so that the rivets would be caught in a protective shield.

The principal objection raised to the amendment is that it does not state a cause of action against the manufacturers, because the warranties allegedly breached are implied as distinguished from express warranties. In *Randy Knitwear* v. *American Cyanamid Co.* (11 N Y 2d 5), the Court of Appeals dispensed with the necessity of privity in an action against a manufacturer based on a breach of an express warranty. The

court does not agree with the defendants that the attack therein made on the doctrine of privity is limited to express warranties. Such a holding is not in accord with the rationale underlying the decision in the cited case, and is not consistent with the trend of recent decisions on the subject (*Greenberg* v. *Lorenz,* 9 N Y 2d 195; *Thomas* v. *Leary,* 15 A D 2d 438). The rule of privity has been breached, and the traditional and technical requirement of privity has been discarded in proper cases. This is such a case. The policy of protecting the public from injury, physical or pecuniary, resulting from misrepresentations outweighs allegiance to an old technical rule of law which, if observed, might produce great injustice (*Randy Knitwear* v. *American Cynamid Co., supra,* p. 13). The motion is, therefore, granted.

The observation is made that the verification of the amended complaint suffices for an affidavit of merits. Service of the proposed amended complaint, in the form annexed, shall be made within 10 days from the date of service of the order hereon.